# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN HAROLD MCCULLOUGH, | 3:16-cv-00225-MMD-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| RICHARD MACHADO, *et al.*, Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for leave to file a second amended complaint (ECF No. 30), which defendants opposed (ECF No. 32) and to which plaintiff replied (ECF No. 33). For the following reasons, the court recommends that the motion to amend be granted and that Count VIII be dismissed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

John McCullough ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Presently, plaintiff is incarcerated at Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada. On April 25, 2016, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1-1). On August 30, 2016, plaintiff filed a motion for leave to file a first amended complaint. (ECF No. 3.) The court entered a screening order on the first amended complaint on December 2, 2016 (ECF No. 4), by which plaintiff is permitted to proceed on a sole count, which alleges violations of plaintiff's Eighth Amendment right against deliberate indifferent to a serious medical need.

Defendants Jerry Allen, Richard Machado, Thomas Bjerke, Don Poffenroth, Jerry Reid, and Philipp Pasqual filed their answer on January 26, 2017. (ECF No. 8.) On March 14, 2017, plaintiff filed a motion for leave to file a second amended complaint ("SAC"). (ECF No. 16.)

Briefing on the motion to amend was stayed pending a settlement conference, which was held on May 9, 2017. (*See* ECF Nos. 20, 27.) The parties did not settle. (*See* ECF No. 27.) Plaintiff then withdrew his prior motion to amend (ECF No. 29), and filed the present motion for leave to file a SAC, which the court will now address. (ECF No. 30.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires." However, the ability to amend is not without limits. Federal courts balance five factors when considering a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Id*. (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature and its effect of requiring an entirely new course of defense. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Alone, such alteration is not fatal. *Id*. In contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003). Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc*., 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc*., 143 F.3d 1293, 1298 (9th Cir. 1998).

## III. DISCUSSION

Plaintiff moves to amend to cure alleged deficiencies in his first amended complaint, as well as add new defendants and three additional counts. (ECF No. 30.) Defendants filed a partial opposition to plaintiff's motion for leave to file a SAC. (ECF No. 32.) Defendants oppose the

addition of Count VIII, arguing that it is wholly precluded by immunity. (*Id.* at 2.) Defendants also note in their opposition that because Counts VI and VII are not entirely clear, they will await screening of those claims and may file for dismissal at a later time. (*Id.*) For the following reasons, the court recommends that plaintiff's motion to file a SAC be granted. However, as described below, the court recommends that plaintiff be allowed to proceed only on certain claims within the SAC.

### A. Screening of Counts VI and VII

To the extent defendants request a screening of plaintiff's proposed SAC, or specifically Counts VI and VII of the proposed SAC, the court declines to do so. 28 U.S.C. § 1915A governs screenings of complaints filed *in forma pauperius* and states in relevant part that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This court is not compelled under 28 U.S.C. § 1915A(a) to re-screen plaintiff's proposed SAC. Instead, FRCP 15 governs plaintiff's proposed amended pleading, and defendants had an opportunity to oppose amendment as to Counts VI and VII and chose not to do so. Accordingly, Counts VI and VII shall proceed.

### B. Count VIII – Immunity

In Count VIII, plaintiff alleges that his First, Sixth, Eighth, and Fourteenth Amendment rights were violated by Justice Court Judge Karen R. Stephens ("Stephens"), district attorney James Shirley ("Shirley"), and public defender Steven W. Cochran ("Cochran"). (ECF No. 30 at 22.) Plaintiff alleges that the defendants "failed to act on plaintiff's notification of violations of health and welfare conditions at County Jail." (*Id.*) Defendants oppose the addition of Count VIII as they assert that the judge, prosecutor, and public defender are entitled to immunity.

#### 1. Judicial and Prosecutorial Defendants

Plaintiff's claim for monetary damages against the judge and prosecutor are barred, as these defendants are entitled to immunity from civil liability. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities"); *Imbler v.*

*Pachtman*, 424 U.S. 409, 424 (1976) (absolute immunity protects those activities undertaken by a prosecutor in his or her function as an advocate that are "intimately associated with the judicial phase of the process"). Further, 42 U.S.C. § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Accordingly, Judge Stephens and District Attorney Shirley are entitled to absolute judicial immunity for acts performed in their official capacities, as plaintiff has alleged here. *See Ashelman,* 793 F.2d at 1075; *see also Moore v. Brewster,* 96 F.3d 1240, 1243 (9th Cir. 1996) ("The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief") (citation omitted).

### 2. Public Defender Defendant

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes," *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require a plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official acting under the color of state law. *Warner*, 451 F.3d at 1067. An attorney representing a criminal defendant, whether privately retained, a public defender, or court-appointed counsel, does not act under color of state law. *See Georgia v. McCollum,* 505 U.S. 42, 53 (1992); *Jackson v. Brown,* 513 F.3d 1057, 1079 (9th Cir. 2008). Therefore, plaintiff cannot state a claim against public defender Cochran.

### IV. CONCLUSION

The court has considered the motion and the parties' papers. For good cause appearing, the court recommends that plaintiff's motion for leave to amend be granted and plaintiff be

allowed to proceed with Counts I, II, III, IV, V, VI, and VII. However, the court recommends that Count VIII be dismissed, as amendment would be futile. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion to amend (ECF No. 30) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the second amended complaint (ECF No. 30);

**IT IS FURTHER RECOMMENDED** that Counts I, II, III, IV, V, VI, and VII of the second amended complaint **PROCEED**; and

**IT IS FURTHER RECOMMENDED** that Count VIII be **DISMISSED**.

**DATED**: August 30, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**