UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN H. McCULLOUGH,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br><br>RICHARD MACHADO, *et al.,*<br><br>　　　　　　　　Defendants. | 3:16-cv-00225-MMD-VPC<br><br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

　　　　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' partial motion to dismiss second amended civil rights complaint (ECF No. 48). Plaintiff filed a notice of non-opposition (ECF No. 59) to defendants' motion in its entirety. For the reasons stated below, the court recommends that defendants' partial motion to dismiss (ECF No. 48) be granted.

**I.　　FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

　　　　John H. McCullough ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently incarcerated at Northern Nevada Correctional Center ("NNCC"). Pursuant to 42 U.S.C. § 1983, plaintiff brings a civil rights action against numerous defendants based on his alleged mistreatment during his pretrial detention at Pershing County Detention Center in Lovelock, Nevada. (ECF Nos. 1, 3, 43.)

　　　　On June 14, 2017, plaintiff's second amended complaint was screened by the court and permitted to proceed on seven counts against the following Pershing County officials: Sheriff Richard Machado ("Machado"), Lieutenant Thomas Bjerke ("Bjerke"), Deputy Sheriff Gary Rogers ("Rogers"), Sheriff Poffenroth ("Poffenroth"), Officer Jerry Allen ("Allen"), Deputy Sheriff Pasqual ("Pasqual"), Deputy Sheriff Jerry Reid ("Reid"), District Attorney Bryce Shields ("Shields"), and County Commissioners Robert McDougal ("McDougal"), Carol Shank ("Shank"), and Larry Rackley ("Rackley"). (ECF No. 43; *see* ECF No 35.)

On February 28, 2018, defendants filed their partial motion to dismiss. (ECF No. 48.) Defendants assert that that plaintiff's claims against Shields, McDougal, Shank, Rackley, and Reid should be dismissed from this action, and that his Count VII claim based on PREA should be dismissed as well. (*Id.*) On May 24, 2017, plaintiff filed a notice of non-opposition to defendants' partial motion to dismiss second amended civil rights complaint. (ECF No. 43.) He does not contest any portion of defendants' motion. (*See id.*)

## II.   DISCUSSION

Not only does plaintiff abstain from opposing defendants' motion, but he states that he agrees with its contentions and "stipulates" to the dismissal of the challenged claims. (ECF No. 59.) The court questions the parties' resort to motion practice when a properly filed stipulation would have conserved valuable time and judicial resources. *See* LOCAL RULES OF PRACTICE, LR 7-1 (requiring signature by both parties); LR IA 6-2 (requiring "signature block on which the court or clerk can endorse approval of the relief sought"). Nonetheless, plaintiff fully consents to defendants' partial motion to dismiss (ECF No. 59), so dismissal is proper. *See Riggs v. Bank of New York Mellon*, No. 2:12-cv-01389-MMD-CWH, 2013 WL 1104638 (D. Nev. Mar. 14, 2013) (granting unopposed motion to dismiss because failure to oppose "constitutes *consent* that the motion be granted") (emphasis added); LR 7-2(d).

Moreover, the court has reviewed defendants' motion for partial summary judgment and agrees with defendants that the challenged claims fail as a matter of law. (ECF No. 48.) First, plaintiff's claims against Rackley, Shank, and McDougal are based on a theory of *respondeat superior*, and is therefore not actionable under Section 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Second, and similarly, plaintiff's claims against Reid are subject to dismissal because plaintiff fails to allege that Reid participated in the challenged conduct. *Id.* ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Third, Shields is entitled to absolute prosecutorial immunity from plaintiff's claims because those claims relate solely to Shields's prosecutorial functions. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341-43 (2009). Finally, plaintiff's Count VII claim that

defendants violated the Prison Rape Elimination Act ("PREA") fails because PREA does not confer a private right of action. *See McCloud v. Prack*, 55 Supp. 3d 478, 482 n.2 (W.D.N.Y. 2014), *Wedmore v. Jorgenson*, No. 1:14-cv-149, 2015 WL 5793615 (D. N.D. Oct. 2, 2015) (collecting cases).

## IV.   CONCLUSION

For the foregoing reasons, the court finds that plaintiff's claims against Shields, McDougal, Shank, Rackley, and Reid fail as a matter of law, as does his Count VII PREA claim. Plaintiff agrees. Accordingly, defendants' partial motion to dismiss (ECF No. 48) should be granted.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' partial motion to dismiss second amended civil rights complaint (ECF No. 48) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that Shields, McDougal, Shank, Rackley, and Reid be **DISMISSED** as defendants;

**IT IS FURTHER RECOMMENDED** that plaintiff's Count VII claim based on the Prison Rape Elimination Act be **DISMISSED.**

DATED: July 30, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**